**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

DANIEL CINCOSKI,                                                               PLAINTIFF
ADC # 143538

V.                                    Case No. 2:10-cv-00188-DPM-JJV

BURL, Warden, East Arkansas Regional Unit,
Arkansas Department of Correction; *et al.*                                    DEFENDANTS

### PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D. P.
Marshall Jr.  Any party may serve and file written objections to this recommendation.  Objections
should be specific and should include the factual or legal basis for the objection.  If the objection
is to a factual finding, specifically identify that finding and the evidence that supports your
objection.  An original and one copy of your objections must be received in the office of the United
States District Court Clerk no later than fourteen (14) days from the date of the findings and
recommendations.  The copy will be furnished to the opposing party.  Failure to file timely
objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or
additional evidence, and to have a new hearing for this purpose before either the District Judge or
Magistrate Judge, you must, at the time you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence to be proffered at the new hearing (if such a hearing is granted)
was not offered at the hearing before the Magistrate Judge.

3.     The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

### DISPOSITION

Plaintiff, Daniel Cincoski, an inmate in the East Arkansas Regional Unit (EARU) of the Arkansas Department of Correction (ADC) filed this *pro se* action alleging that Defendants have violated his constitutional rights.  The Court previously found that Plaintiff's Complaint failed to state a claim upon which relief may be granted and afforded him the opportunity to amend his Complaint. (Doc. No. 4).  Plaintiff was cautioned that an amended complaint would render his original Complaint without legal effect.  (*See id.*)  He has now filed an Amended Complaint (Doc. No. 13) which the Court has reviewed.  The Court finds Plaintiff's Amended Complaint should be dismissed with prejudice as frivolous and for failure to state a claim upon which relief may be granted .

## I.     SCREENING

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. §

1915(A)(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim.  *See Martin v. Sargent*, 780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007).  In reviewing a *pro se* complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  The Court must also weight all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

## II.   ANALYSIS

In his Amended Complaint (Doc. No. 13), Plaintiff states that on July 29, 2009, while housed in the ADC Grimes Unit, he filed a § 1983 action alleging deliberate indifference to his "serious mental health needs."[1]  He was transferred to EARU on July 27, 2010.  Plaintiff asserts that the staff at EARU is depriving him of his right to seek judicial relief and conspiring with the Grimes Unit to retaliate against him.  He states:

> Ever since Grimes Unit transferred me to a harsher unit . . . I have been being retaliated on by Grimes and many other retalliants [sic] in concert such as the Franklin County Sheriff's Office who are in my unit everyday coldly harming me

---

[1]Plaintiff is referring to *Cincoski v. Richards*, Case No. 1:09-cv-00038-SWW, in which the Court found that Plaintiff's medical needs claim was barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) and *Edwards v. Balisok*, 520 U.S. 641 (1997).  (*See* Case No. 1:09-cv-00038-SWW, Doc. No. 108 at 8).  Plaintiff's complaint was dismissed without prejudice and the case is presently on appeal to the Eighth Circuit.  (*See* Case No. 1:09cv00038SWW, Doc. Nos. 108, 129, 131).

with ADC and a malicious government conspiracy to cause me harm sadistically with the extraordinary circumstances of celebrities such as Jessica Biel and other serious celebrities.

(Doc. No. 13 at 5).  Plaintiff also states that due to the retaliation against him, he is unable to read and write adequately and he is unable to pursue legal action "due to Jessica Biel and the ADC and a certain government such as FBI etc. [sic] physically punishing me everyday pursuant to the 8th and 1st Amendment."  (*Id.* at p. 6).

The Court finds that Plaintiff fails to set forth any specific actions by Defendants that violate his constitutional rights and thus fails to state a claim against Defendants.  For these reasons, Plaintiff's cause of action should be DISMISSED as legally frivolous and for failure to state a claim upon which relief may be granted or cause of action under § 1983.

## III.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED THAT:

1.      Plaintiff's Amended Complaint (Doc. No. 2) should be DISMISSED, with prejudice, as frivolous and for failure to state a claim upon which relief may be granted or cause of action under § 1983.

2.      All pending motions be denied as moot.

3.      Dismissal of Plaintiff's Amended Complaint constitutes a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[2]

---

[2]The PLRA provides: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted...."  *See Patton v. Jefferson Correctional Center*, 136 F.3d 458, 462-64 (5th Cir. 1998), where the court held that dismissal of a 42 U.S.C. § 1983 action in part as frivolous, and in part for failure to exhaust state court remedies as a habeas claim, should count as a strike within the meaning of § 1915(g).

4.      The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order and Judgment adopting this Recommended Disposition would not be taken in good faith.

DATED this <u>19th</u> day of April, 2011.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE